1
2
3
4
5
6
7
8                  **UNITED STATES DISTRICT COURT**
9                        **DISTRICT OF ARIZONA**
10
11   Planned Parenthood Arizona, Inc., *et al.*,          Case No.  4:19-cv-00207-TUC-JGZ
12
                            Plaintiffs,                   **[PROPOSED] AMENDED PROTECTIVE ORDER**
13
14            v.
15   Mark Brnovich, *et al.*,
16                           Defendants.
17
18
19
20
21
22
23
24
25
26
27
28

**AMENDED PROTECTIVE ORDER**

The Court recognizes that many of the documents and much of the information ("Materials" as defined herein) being sought through discovery in the above-captioned action are sensitive in nature and, for statutory, regulatory, competitive, and privacy reasons, are normally kept confidential by the parties.  The Materials to be exchanged throughout the course of the litigation between the parties may contain sensitive business and personal information, such as trade secret or other confidential research, development, or commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G).  The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action to facilitate the document production and disclosure, and protect the respective interests of the parties in their trade secrets and/or confidential information. This Order supersedes the protective order entered on October 25, 2019, *see* Doc. No. 29, and shall remain in effect unless modified pursuant to the terms contained in this Order.

IT IS THEREFORE ORDERED THAT,

The following Definitions shall apply in this Order:

A.     The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom, that is deemed to be Confidential Information by any party to which it belongs.

B.     The term "Materials" will include, but is not limited to: documents; correspondence; memoranda; financial information; email; specifications; marketing plans; marketing budgets; customer, clinician, employee, and/or patient information; materials that identify customers, clinicians, employees, and/or patients or potential customers, clinicians, employees, and/or patients; price lists or schedules or other matter identifying pricing; minutes; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; forecasts; notes of conversations; desk diaries;

appointment books; expense accounts; recordings; photographs; motion pictures; sketches; drawings; notes of discussions with third parties; other notes; business reports; instructions; disclosures; other writings; records of website development; and internet archives.

C.     The term "Party" will mean the persons and entities named as parties in this action: Plaintiffs Planned Parenthood Arizona, Inc.; William Richardson M.D.; Deanna Wright, N.P.; and Paul A. Isaacson, M.D.; Defendants Mark Brnovich, in his official capacity as Attorney General of Arizona; Patricia McSorley, in her official capacity as Executive Director of the Arizona Medical Board; Cara M. Christ, in her official capacity as the Director of the Arizona Department of Health Services; Joey Ridenour, in her official capacity as the Executive Director of the Arizona State Board of Nursing; and Defendant-Intervenor Choices Pregnancy Centers of Greater Phoenix, Inc.

D.     The term "Producing Party" will mean any person or entity named as a party in this action or any non-party that produces or discloses any Materials in the course of this litigation.

E.     The term "Receiving Party" will mean any person or entity named as a party in this action who receives any Materials produced or disclosed by a Producing Party in the course of this litigation.

F.     The term "Counsel" will mean counsel of record and other attorneys, paralegals, secretaries, interns, externs, clerks, and other support staff employed by or volunteering for counsel of record.  Counsel of record in this action are:

| | |
|---|---|
| DAWN SESTITO<br>dsestito@omm.com<br>CATALINA VERGARA<br>cvergara@omm.com<br>DIMITRI PORTNOI<br>dportnoi@omm.com<br>BRITTANY ROGERS<br>brogers@omm.com<br>HEATHER WELLES<br>hwelles@omm.com<br>O'MELVENY & MYERS LLP<br>400 South Hope Street, 18th Floor<br>Los Angeles, California 90071 | ALICE CLAPMAN<br>alice.clapman@ppfa.org<br>DIANA SALGADO<br>diana.salgado@ppfa.org<br>PLANNED<br>PARENTHOOD<br>FEDERATION OF<br>AMERICA<br>110 Vermont Ave., Suite 300<br>Washington, DC 20016<br>Telephone: (202) 973-4800 |

| | |
|---|---|
| Telephone:  (213) 430-6000<br><br>*Attorneys for Plaintiffs* | *Attorneys for Plaintiffs Planned Parenthood Arizona, Inc.; William Richardson, M.D.; and Deanna Wright, N.P.* |
| MARC A. HEARRON<br>mhearron@reprorights.org<br>CENTER FOR REPRODUCTIVE RIGHTS<br>1634 Eye Street, N.W., Suite 600<br>Washington, DC  20006<br>Telephone:  (202) 524-5539<br><br>*Attorneys for Plaintiff Paul A. Isaacson, M.D.* | JESSICA SKLARSKY<br>jsklarsky@reprorights.org<br>CENTER FOR REPRODUCTIVE RIGHTS<br>199 Water Street<br>New York, NY  10038<br>Telephone:  (917) 637-3600<br><br>*Attorneys for Plaintiff Paul A. Isaacson, M.D.* |
| DANIEL B. PASTERNAK<br>daniel.pasternak@squirepb.com<br>SQUIRE PATTON BOGGS (US) LLP<br>1 E. Washington Street, Suite 2700<br>Phoenix, AZ  85004<br>Telephone:  (602) 528-4187<br><br>*Attorneys for Plaintiffs* | RUSTY D. CRANDELL<br>rusty.crandell@azag.gov<br>BRUNN W. ROYSDEN, III<br>beau.roysden@azag.gov<br>ARIZONA ATTORNEY GENERAL'S OFFICE<br>2005 N. Central Avenue<br>Phoenix, AZ  85004<br>Tel.:  (602) 542-4288<br><br>*Attorneys for Defendant Mark Brnovich, Attorney General of Arizona, in his official capacity* |
| MARY D. WILLIAMS<br>Maryd.williams@azag.gov<br>ARIZONA ATTORNEY GENERAL'S OFFICE<br>2005 N. Central Avenue<br>Phoenix, AZ  85004<br>Tel.:  (602) 542-7992<br><br>*Attorneys for Defendants Patricia McSorley, in her official capacity as Executive Director of the Arizona Medical Board; and Joey Ridenour, in her official capacity as the Executive Director of the Arizona State Board of Nursing* | KEVIN D. RAY<br>kevin.ray@azag.gov<br>AUBREY JOY CORCORAN<br>aubreyjoy.corcoran@azag.gov<br>ARIZONA ATTORNEY GENERAL'S OFFICE<br>2005 N. Central Avenue<br>Phoenix, AZ  85004<br>Tel.:  (602) 542-4288<br><br>*Attorneys for Defendant Cara M. Christ, in her official capacity as Director the Arizona Department of Health Services* |

KEVIN H. THERIOT (No. 030446)
ktheriot@ADFlegal.org
KENNETH J. CONNELLY (No. 025420)
kconnelly@ADFlegal.org
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ  85260
Telephone: (480) 444-0020
Fax: (480) 444-0028

DENISE M. HARLE
dharle@ADFlegal.org
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd., NE
Building D, Suite 600
Lawrenceville, GA 30043
Telephone: (770) 339-0774
Fax: (770) 339-6744

*Attorneys for Defendant-Intervenor Choices Pregnancy Centers of Greater Phoenix, Inc.*

As used in this Order, "Counsel" expressly includes O'Melveny & Myers LLP, Squire Patton Boggs (US) LLP, Center for Reproductive Rights, Planned Parenthood Federation of America, the Office of the Attorney General, Alliance Defending Freedom, or any law firm appointed by the Office of the Attorney General to defend this action.

The following provisions shall apply in this litigation:

1.      Each Party or non-party to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the Producing Party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

a.      Designation as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER":  Any Producing Party may designate Materials as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" only

if, in the good faith belief of such Party and its Counsel, or of such non-party, (1) the Materials contain personal, sensitive, confidential, or proprietary information, the unrestricted disclosure of which could be harmful to the business, operations, or other protectable interests of such Party or non-party, or another party to whom a Producing Party reasonably believes it owes an obligation of confidentiality with respect to such Materials; or (2) the Materials must be kept confidential under Ariz. Rev. Stat. §§ 32-1451.01(C)–(E), 32-1451.03(B), 32-1664(M)–(N), 36-404, 36-445, 36-445.01, 36-446.10, 36-449.03, or 36-2163, or under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  If any Defendant produces Confidential Information under the terms of this Order, then that Defendant shall be deemed to have satisfied its confidentiality obligations under the foregoing statutes, as applicable.

b.   No designation of materials as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be made unless counsel for the designating Party or non-party believes in good faith that such information is "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," as defined in Subparagraph a.  Counsel for the designating Party or non-party shall make designations as narrowly and reasonably as practicable, including but not limited to designating only certain portions of documents as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."  Confidential Information may include, but is not limited to, any sensitive documents or information produced by a Party or non-party, or any other information that constitutes confidential information under the Federal Rules of Civil Procedure and/or applicable laws or

1    regulations including U.S. federal, state, or local privacy, data

2    protection, or secrecy laws.

3    c.    For illustrative purposes only, Confidential Information subject to

4    designation under Subparagraph a, above, may include: personnel

5    information, patient information, detailed and sensitive financial and

6    business information, business records, employee handbooks,

7    policies and procedures concerning the Plaintiffs' operations, names

8    or other identifying information tending to reveal the identity of a

9    Party's current and former staff members, names or other identifying

10    information tending to reveal the identities of a Party's vendors,

11    information covered by Ariz. Rev. Stat. §§ 32-1451.01(C)–(E), 32-

12    1451.03(B), 32-1664(M)–(N), 36-404, 36-445, 36-445.01, 36-446.10,

13    36-449.03, and 36-2163, or by HIPAA, and any other highly

14    sensitive business information that could jeopardize Plaintiffs'

15    commercial, privacy, and security information, or the privacy and

16    security of the Defendants and/or the Arizona Medical Board, the

17    Arizona Department of Health Services, and the Arizona State Board

18    of Nursing.

19    d.    A Producing Party may designate Materials containing Confidential

20    Information by affixing a legend or stamp on such Materials (except

21    deposition transcripts, discussed below in Paragraph 3, or native

22    materials, discussed below in Subparagraph f) as follows:  The words

23    "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall

24    be placed clearly on each page of the document where practical or,

25    where not practical, prominently on at least the first page of such

26    Materials.

27    e.    For natively produced Materials containing Confidential Information,

28    the filename shall be the production number, the confidentiality

designation ("CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER") shall be placed in the filename of each such natively produced document, and the slip sheet corresponding to such Materials shall include the production number and the confidentiality designation.  In the event the Receiving Party of such natively produced Materials chooses to print or otherwise make a copy of such Materials, the printout or copy must be marked with the confidentiality designation.

f.  The Parties agree that any Materials that are otherwise authentic for purposes of admissibility remain authentic even if stamped "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to this Order.

2.  In the event the Producing Party elects to produce Materials for inspection, no marking need be made by the Producing Party in advance of the initial inspection.  For purposes of the initial inspection, all Materials produced will be considered as "CONFIDENTIAL –SUBJECT TO PROTECTIVE ORDER," and must be treated as such pursuant to the terms of this Order.  Thereafter, upon selection of specified Materials for copying by the Receiving Party, the Producing Party must, within a reasonable time prior to producing those Materials to the Receiving Party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking.

3.  Whenever a deposition taken on behalf of any Party involves the disclosure of Confidential Information of any Party or non-party:

a.  The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a Party or non-party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a Party or non-party will have until thirty (30)

1      days after receipt of the deposition transcript to inform the other

2      Party or Parties to the action of the portions of the transcript to be

3      designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE

4      ORDER.";

5      b.      The disclosing Party or non-party will have the right to exclude from

6      attendance at the deposition, during such time as the Confidential

7      Information is to be disclosed, any person other than the deponent,

8      Counsel (including their staff and associates), the court reporter, the

9      additional persons referenced in paragraph 5 below, and the person(s)

10     agreed upon pursuant to paragraph 8, below;

11     c.      Any Materials containing Confidential Information that are used in

12     the taking of a deposition shall remain subject to the provisions of

13     this Order, along with the transcript pages of the deposition dealing

14     with such Materials.  In such cases, the court reporter shall be

15     informed of this Order and shall be required to operate in a manner

16     consistent with this Order.  In the event the deposition is videotaped,

17     the original and all copies of the videotape (or portions thereof) shall

18     be marked by the video technician to indicate that the contents of the

19     videotape are subject to this Order, substantially along the lines of

20     "This videotape may contain confidential testimony used in this case

21     and is not to be viewed or the contents thereof to be displayed or

22     revealed except pursuant to the terms of the operative Protective

23     Order in this matter or pursuant to written stipulation of the Parties";

24     and

25     d.      The originals of the deposition transcripts and all copies of the

26     deposition must bear the legend "CONFIDENTIAL – SUBJECT TO

27     PROTECTIVE ORDER," as appropriate, and the original or any

28     copy ultimately presented to a court for filing must not be filed unless

1    it can be accomplished under seal, identified as being subject to this

2    Order, and protected from being opened except by order of this

3    Court.

4        4.    Except as otherwise provided in this Order, all Confidential Information

5    designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" must not be

6    disclosed by the Receiving Party to anyone other than those persons designated within this

7    Order and must be handled in the manner set forth below, and in any event, must not be

8    used for any purpose other than in connection with this litigation, unless and until such

9    designation is removed either by agreement of the Parties, or by order of the Court.

10       5.    Information designated "CONFIDENTIAL –SUBJECT TO PROTECTIVE

11   ORDER" may be viewed only by:

12       a.    Counsel (as defined in paragraph F, above) of the Receiving Party;

13       b.    Independent experts and stenographic and clerical employees

14   associated with such experts.  Prior to receiving any Confidential

15   Information of the Producing Party, the expert must execute a copy

16   of the "Agreement to Be Bound by Stipulated Protective Order,"

17   attached hereto as Exhibit A.  Counsel for the Receiving Party must

18   retain executed copies of such exhibits;

19       c.    The Court and any court staff and administrative personnel;

20       d.    Any court reporter employed in this litigation and acting in that

21   capacity;

22       e.    Any person indicated on the face of the document to be its author or

23   co-author, or any person identified on the face of the document as

24   one to whom a copy of such document was sent before its production

25   in this action;

26       f.    The named Parties and the personnel employed by them, including

27   Party principals or executives who are required to participate in

28   policy decisions with reference to this action, who have been advised

of their obligations hereunder, and who have signed an "Agreement to Be Bound by Stipulated Protective Order," attached hereto as Exhibit A;

g.    Technical personnel of the Parties with whom Counsel for the Parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action;

h.    Stenographic and clerical employees associated with the individuals identified above; and

i.    Any other person expressly agreed to, in writing, by the Parties; where, however, such person will have access to materials designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" that were produced by a non-party, the express written agreement of the non-party must also be obtained.

6.    At the time of delivery or disclosure, counsel of record for the Producing Party shall instruct any person to whom any Confidential Information is delivered or disclosed to maintain the confidentiality of all information protected by this Order and furnish to all such persons a copy of this Order.  Counsel of record shall maintain a record of all persons outside of Counsel or the Parties (as defined above) to whom Confidential Information has been disclosed or delivered.  Counsel must also maintain original executed "Agreements to Be Bound by Stipulated Protective Order."

7.    In addition to designating Materials as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," a Producing Party may require redactions to such Materials, whether they are the Producing Party's own materials or materials produced by another Party or non-party for use in this litigation.  To the extent that a Party objects to any such redaction, the Parties shall address that dispute subject to the provisions of this Order set forth below.

8.    Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are

1    designated as Confidential Information are filed with the Court for any purpose, the Party

2    seeking to file such material must seek permission of the Court to file the material under

3    seal.  Nothing in this Order shall be construed as automatically permitting a party to file

4    under seal.  The Party seeking leave of Court shall show "compelling reasons" (where the

5    motion is more than tangentially related to the merits of the case) or "good cause" for

6    filing under seal.  *See Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101

7    (9th Cir. 2016).  Additionally, such Party seeking to file under seal shall, within the

8    applicable deadline, file a redacted, unsealed version of any motion, response or reply if

9    such Party is waiting for a ruling from the Court on filing an unredacted, sealed version of

10   the same document.[1]  Further, no portion of the trial of the matter shall be conducted

11   under seal.

12        9.    Except as otherwise provided in this Order, Confidential Information and

13   Materials designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall

14   be used solely for the prosecution or defense of this action.  A Party who wishes to use

15   Confidential Information and/or Materials designated "CONFIDENTIAL – SUBJECT TO

16   PROTECTIVE ORDER" for a purpose other than the prosecution or defense of this action

17   must request permission, in writing, from Counsel for the Producing Party.  The

18   Receiving Party's request must identify the Confidential Information and/or Materials

19   designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" that the

20   Receiving Party wishes to use, and identify the purpose for which it wishes to use

21   Confidential Information and/or Materials designated "CONFIDENTIAL – SUBJECT TO

22   PROTECTIVE ORDER."  If the parties cannot resolve the question of whether the

23   Receiving Party can use Confidential Information and/or Materials designated

24   

---

[1] If a Party wishes to use the opposing Party's confidential designations to support or
oppose a motion, the opposing Party bears the burden to make the "compelling reasons"
or "good cause" showing.  In the event the Party wishing to use the Confidential
Information anticipates this scenario arising, the Party shall initiate a discovery dispute
conference call consistent with the terms of the Court's Rule 16 Scheduling Order at least
fourteen (14) days before the due date of the filing in which the Party wishes to reference
the information.

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" for a purpose other than the prosecution or defense of this action within fourteen (14) days of the Producing Party's receipt of such a request, the Receiving Party may move the Court for a ruling on the Receiving Party's request.  In the event any Party files a motion seeking to use Confidential Information and/or Materials designated  "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" for a purpose other than the prosecution or defense of this action, the Confidential Information and/or Materials designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be submitted to the Court, under seal, for an in-camera inspection.  Any Confidential Information and/or Materials designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" at issue must be treated as Confidential Information, as designated by the Producing Party, until the Court has ruled on the motion or the matter has been otherwise resolved.

10.     At any stage of these proceedings, any Party may object to a designation of Materials as Confidential Information.  The Party objecting to confidentiality must notify, in writing, counsel for the Producing Party, of the objected-to Materials and the grounds for the objection.  If the dispute is not resolved consensually between the parties within fourteen (14) days of receipt of such a notice of objections, the objecting Party may move the Court for a ruling on the objection.  In the event any Party files a motion challenging the designation or redaction of information, the document shall be submitted to the Court, under seal, for an in-camera inspection.  The Materials at issue must be treated as Confidential Information, as designated by the Producing Party, until the Court has ruled on the objection or the matter has been otherwise resolved.  Nothing in the foregoing provisions shall be construed to obligate a Party to challenge the propriety of a designation at the time made, and a decision not to challenge a designation shall not preclude a subsequent challenge thereto (nor shall it constitute any admission or inference that the information is, or ever was, confidential).

11.     At any stage of these proceedings, any Party may request that it be permitted to disclose Materials designated as Confidential Information to individuals not permitted

by this Order to view such Materials.  The Party must notify, in writing, counsel for the
Producing Party of the identity of the relevant Materials and the individuals to whom the
Party wishes to disclose the Materials.  If the request is not resolved consensually between
the parties within fourteen (14) days of receipt of such a request, the requesting Party may
move the Court for a ruling allowing such disclosure.  In the event any Party files a
motion requesting such disclosure, the document shall be submitted to the Court, under
seal, for an in-camera inspection.  The Materials at issue must be treated as Confidential
Information, as designated by the Producing Party, until the Court has ruled on the
request.

12.     All Confidential Information must be held in confidence by those inspecting
or receiving it.  To the extent the Confidential Information has not been disclosed prior to
and apart from this litigation, it must be used only for purposes of this action, except as
otherwise provided in this Order.  If the Confidential Information was exchanged between
the Parties prior to and apart from this litigation for purposes of conducting their
respective businesses, the Parties may continue to use that otherwise Confidential
Information for that purpose.  The Parties may not distribute the Confidential Information
beyond those persons or entities that had received the Confidential Information prior to
this litigation.  In addition, Counsel for each Party, and each person receiving Confidential
Information, must take reasonable precautions to prevent the unauthorized or inadvertent
disclosure of such information.  If Confidential Information is disclosed to any person
other than a person authorized by this Order, the Party responsible for the unauthorized
disclosure must immediately bring all pertinent facts relating to the unauthorized
disclosure to the attention of the other Parties and, without prejudice to any rights and
remedies of the other Parties, make every effort to prevent further disclosure by the party
and by the person(s) receiving the unauthorized disclosure.

13.     No Party will be responsible to another Party or non-party for disclosure of
Confidential Information under this Order if the information in question is not labeled or
otherwise identified as such in accordance with this Order.

14.     If a Party or non-party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the Producing Party may give written notice to the Receiving Party that the Materials produced are deemed Confidential Information, and that the Materials produced should be treated as such in accordance with that designation under this Order. The Receiving Party must treat the Materials as confidential, once the Producing Party so notifies the receiving Party.  The inadvertent or unintentional failure to designated discovery materials as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall not be deemed a waiver in whole or in part of a Producing Party's claim of confidential treatment under this Order.  If the Receiving Party has disclosed the Materials before receiving the designation, the Receiving Party must notify the Producing Party in writing of each such disclosure.  Counsel for the Parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

15.     This Order is entered to protect the confidentiality of information and facilitating the exchange of documents and information between the Parties and producing non-parties to this proceeding, without:  (a) unreasonably or unnecessarily limiting or restricting the ability of the Parties and/or Counsel to develop their claims or defenses in this matter, (b) causing significant financial harm or otherwise jeopardizing the well-being of the Plaintiffs, their patients, and their physicians, other health care professionals, and other staff, such that the involvement of the Court would not be unnecessarily required to resolve disputes over confidentiality, or (c) preventing any Party from complying with the obligations imposed under applicable public records, public information, and freedom of information acts.  Nothing within this Order will prejudice the right of any Party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.  This Order shall not be construed to require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product protection, or other

privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product protection, or other privilege, doctrine, or immunity are inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Any Producing Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes is protected under the attorney-client privilege, work product protection, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the Receiving Party and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The Receiving Party shall gather and return all copies of such documents, information, or other material to the Producing Party within three (3) business days, except for any pages containing privileged or otherwise protected markings by the Receiving Party, which pages shall instead be destroyed and certified as such to the Producing Party.  Where it is reasonably apparent to a Receiving Party that the documents or information was inadvertently sent or produced, and the Receiving Party knows or reasonably should know that the documents or information is privileged or subject to the work product protection, the Receiving Party shall: (a) refrain from examining the documents or information any more than is necessary to determine that they are privileged or subject to the work product protection, (b) promptly notify the Producing Party, and (c) otherwise treat the information in compliance with Federal Rule of Civil Procedure 26(b)(5)(B).

16.     Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information.

17.     This Order will be without prejudice to the right of any Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Order must not be used

by any Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

18.     Nothing herein shall (a) preclude the disclosure of Materials produced by any Party or non-party to this litigation that is legally mandated under public records, public information, and freedom of information acts, or (b) prevent any Party from discharging its duties or obligations under any other applicable statute, rule, or regulation, subject to the provisions set forth in Paragraph 22.

19.     Information designated Confidential pursuant to this Order also may be disclosed if: (a) the Party or non-party making the designation consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the Party to whom Confidential Information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, public records request, or a court order issued in other litigation.

20.     If a Party is served with a public records request, subpoena, or court order as described in paragraph 19, then that Party (the "Served Party") must give prompt notice to counsel for the Producing Party that made the designation, and must permit counsel for that Producing Party sufficient time to intervene and seek judicial protection from the enforcement of this subpoena, public records request, or court order, and/or seek the entry of an appropriate protective order in the action in which the subpoena or court order was issued.  Notwithstanding the foregoing, unless the designating Party timely submits an objection seeking an order that the subpoena, public records request, or court order need not be complied with, and serves such objection upon the Served Party before the production date required by the subpoena, public records request, or court order, the Served Party shall be permitted to produce documents responsive to the subpoena, public records request, or court order on the response date.  The designating Party shall bear its own burden and expense of seeking protection of its Confidential Information. Compliance by the Served Party with any order directing production pursuant to the subpoena, public records request, or court order regarding any Material containing

Confidential Information shall not constitute a violation of this Order, provided that the notice required by this Paragraph has been satisfied, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.  In addition, and without limitation or waiver of any other protection from public disclosure afforded by Arizona or federal law, all produced Materials marked by the designating Party as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"—and for which such designation has not been determined to be improper as a result of a challenge made under paragraph 10—shall be presumptively treated as exempt from disclosure pursuant to the Arizona Public Records Law, Ariz. Rev. Stat. § 39-101 *et seq.*, and not subject to a document-level review by an entity in receipt of a public records request.

21.     Nothing in this Order shall limit any Producing Party's use of its own documents or shall prevent any Producing Party from disclosing its own Confidential Information to any person.  Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.  Nothing in this Order shall prevent or otherwise restrict Counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped confidential information.

22.     The Parties agree that Materials produced by any Party or non-party to this litigation may be disclosed, distributed, or otherwise provided by Attorney General Mark Brnovich—the chief law enforcement officer of the State of Arizona, who was sued in this action in his official capacity—to any law enforcement or regulatory agency or board, provided that (a) the Attorney General believes in good faith that doing so is necessary to discharge his duties as Attorney General; (b) such agency or board agrees in writing to be bound to the terms of this order with regard to the particular Materials that may be shared; (c) the Attorney General provides the designating Party with a copy of such written agreement at least 7 days in advance of sharing the Materials with the agency or board;

(d) at least 7 days in advance of sharing the Materials with the agency or board, the Attorney General identifies the Material at issue to the designating Party; and (e) the Attorney General obtains either written consent of the designating Party, which consent shall not be unreasonably withheld, or an order of the Court approving the disclosure of such Materials.  The Parties shall work in good faith to come to an agreement regarding the disclosure of such Materials before seeking court intervention, provided, however, that if the Attorney General believes in good faith that notice to the designating Party as required under this subparagraph (c) and (d) will compromise a law enforcement or regulatory action or investigation or present an exigent threat to health or safety, the Attorney General may apply to the Court for an order approving such disclosure.

23.     Except for Materials disclosed, distributed, or otherwise provided by the Attorney General under paragraph 22, or Materials being used in accordance with an agency's or board's applicable statutes, rules, or regulations under paragraph 22, within thirty (30) days of the final termination of this action, including any and all appeals, Counsel for each Party must purge all Confidential Information from all machine-readable media on which it resides and must either (a) return all Confidential Information to the Party or non-party that produced the information, including any copies, excerpts, and summaries of that information, or (b) destroy the same.  With respect to paper copies, return or destruction of Confidential Information is at the option of the Producing Party.  Provided, however, that nothing in this Order shall be interpreted or construed to require any officer, employee, or agency of the State of Arizona to destroy any public records obtained in the ordinary course of such officer's or agency's duties, or which must be maintained in compliance with state law, federal law, or the regulations of such agency.  Notwithstanding the foregoing, Counsel for each Party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information, after the conclusion of this litigation.  Further, attorney work product Materials that contain Confidential Information need not be destroyed, but, if they

1   are not destroyed, the person in possession of the attorney work product will continue to

2   be bound by this Order with respect to all such retained information after the conclusion

3   of this litigation, except that Counsel may use work product from this action in subsequent

4   litigation, provided that Counsel does not use or disclose another Party's Confidential

5   Information.

6        24.    The restrictions and obligations set forth within this Order will not apply to

7   any information that: (a) the Parties agree should not be designated Confidential

8   Information, including Materials previously designated Confidential Information that the

9   Parties subsequently agree in writing should not be designated under this Order; (b) the

10  Parties agree, or the Court rules, is already public knowledge; or (c) the Parties agree, or

11  the Court rules, has become public knowledge other than as a result of disclosure by the

12  receiving Party, its employees, or its agents, in violation of this Order.

13       25.    Any Party or non-party may designate as "CONFIDENTIAL – SUBJECT

14  TO PROTECTIVE ORDER" any Materials that were produced during the course of this

15  action without such designation before the effective date of this Order, as follows:

16              a.     Parties or non-parties may designate such Materials by sending

17                     written notice of such designation, accompanied by copies of the

18                     designated Materials bearing the appropriate legend of

19                     "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to all

20                     other parties in possession or custody of such previously

21                     undesignated Materials.  Any Party receiving such notice and copies

22                     of designated Materials pursuant to this subparagraph shall return to

23                     the producing Party all undesignated copies of such Materials in its

24                     custody or possession, or shall affix the appropriate legend to all

25                     copies of the designated Materials in its custody or possession.

26              b.     Upon notice of designation pursuant to this paragraph, Parties shall

27                     also: (i) make no disclosure of such designated Materials or

28                     information contained therein except as allowed under this Order;

and (ii) take reasonable steps to notify any persons known to have possession of such designated Materials or information of the effect of such designation under this Order.

    c.    All such designations must be made within thirty (30) days of the date of this Order.

    d.    To the extent any document produced before issuance of this Order was designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," it shall receive the same treatment as if designated as such under this Order, unless and until such document is re-designated to have a different classification under this Order.

26.    Transmission by e-mail or facsimile is acceptable for all notification purposes within this Order.

27.    This Order may be modified by agreement of the Parties, subject to approval by the Court.

28.    The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

29.    In the event additional parties join or are joined in this action, they shall not have access to Confidential Information designated under this Order until the newly joined party by its counsel has executed and filed with the Court its agreement to be bound by this Order.

30.    After termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Information and Materials designated as confidential for enforcement of the provisions of this Order following termination of this litigation. Each person or entity that receives or produces any Confidential Information designated under this Order hereby agrees to subject itself to the jurisdiction of this Court for the purpose of any proceedings related to the performance under, compliance with, or

violation of this Order.  Any Party claiming a violation of this Order may seek declaratory and/or injunctive relief, or any other remedy allowed by law.  The prevailing Party in any enforcement action shall be entitled to recover its reasonable attorneys' fees and costs relating to the enforcement action.

1

## EXHIBIT A

2

3

4

5

6

7

8

9 **UNITED STATES DISTRICT COURT**

10 **DISTRICT OF ARIZONA**

11

12 Planned Parenthood Arizona, Inc., *et al.*,

Case No.  4:19-cv-00207-TUC-JGZ

13                  Plaintiffs,

**[PROPOSED] STIPULATED AMENDED PROTECTIVE ORDER**

14      v.

15 Mark Brnovich, *et al.*,

16                 Defendants.

17

18 I, _____ , declare and state that:

19      1.    I am employed as _____

20 by _____ .

21      2.    I have read the Stipulated Amended Protective Order (the "Order")

22 entered in the above-captioned case and have received a copy of the Order.

23      3.    I promise that I will use any and all "CONFIDENTIAL – SUBJECT TO

24 PROTECTIVE ORDER" information, as defined in the Order, given to me only in a

25 manner authorized by the Order, and only to assist Counsel in the litigation of this matter.

26      4.    I promise that I will not disclose or discuss such "CONFIDENTIAL –

27 SUBJECT TO PROTECTIVE ORDER" information with anyone other than the persons

28 described in Paragraph 5.

- 23 -

1        5.      I acknowledged that, by signing this agreement, I am subjecting myself to

2   the jurisdiction of the United States District Court for the District of Arizona with respect

3   to the enforcement of the Order.

4        6.      I understand that any disclosure or use of "CONFIDENTIAL – SUBJECT

5   TO PROTECTIVE ORDER" information in any manner contrary to the provisions of the

6   Order may subject me to sanctions for contempt of court.

7        7.      I will return all "CONFIDENTIAL – SUBJECT TO PROTECTIVE

8   ORDER" Materials (as defined in the Order) to the attorney who provided them to me,

9   upon request by that attorney, and I shall not retain any copies of said Materials or any

10  information contained within "CONFIDENTIAL – SUBJECT TO PROTECTIVE

11  ORDER" Materials.

12

13             I declare under penalty of perjury that the foregoing is true and correct.

14

15  Executed on _____.

16

17                                              _____

18                                              Signature

19

20

21

22

23

24

25

26

27

28